UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

05 CV 10242 MEL

2005 FEB -1 P 3: 13

MARCOS URENA and NELSON SANG,

Plaintiffs,

v.

HOME DEPOT USA, INC. and
BRIAN JOHNSON,

Defendants.

Civil Action No. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE _R_B_C____

NOTICE OF REMOVAL

RECEIPT # _61908_
AMOUNT $ _250_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 ___/___
WAIVER FORM ___/___
MCF ISSUED ___/___
BY DPTY. CLK. _F.O.M_
DATE _2/7/05_

TO:    The Honorable Judges of the
       United States District Court
       District of Massachusetts

Petitioners, Home Depot, U.S.A., Inc. ("Home Depot") and Brian Johnson ("Mr.

Johnson")(collectively herein as "Defendants"), defendants in the above entitled action, state:

1.    Defendants desires to exercise its rights under the provisions of 28 U.S.C. § 1441,

*et seq.*, to remove this action from the Superior Court for Middlesex County, Massachusetts in

which said cause is now pending under the name and style *Marcos Urena and Nelson Sang,*

*Plaintiffs v. Home Depot USA, Inc. and Brian Johnson, Defendants*, Civil Action No. Civil

Action No. 04-1659L.

2.    Defendants were initial served Summons and a copy of a Complaint in this action

in or about May 2004.   Copies of the Summonses and Complaint are attached hereto as Exhibit

A.

3.    Each Defendant thereafter filed answers to the complaint.  Copies of the

Defendants' Answers are attached hereto as Exhibit B.

4.    After some initial written discovery proffered by the parties, Plaintiff Marcos

Urena sought leave of court to file an amended complaint to allow a count alleging against

Defendant Home Depot a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et*

*seq.* A copy of the proposed amended complaint is attached hereto as Exhibit C.

     4.     By order of the Middlesex County Superior Court dated January 20, 2005, the

court allowed the amendment of the complaint to include the Federal cause of action. A copy of

the Clerk's Notice of the Order is attached hereto as Exhibit D.

     5.     The above-described action as set forth in the Amended Complaint is one of

which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one

which may be removed to this court by Defendants, pursuant to the provisions of 28 U.S.C. §

1441, wherein it arises under the laws of the United States, namely the Family and Medical

Leave Act, 29 U.S.C. § 2601 *et seq.*

     6.     Defendants are filing this notice within thirty (30) days of the above-referenced

federal claim being amended to the complaint in this action, as required by 28 U.S.C. § 1446.

     7.     Defendants will file a notice of filing this Notice of Removal and a copy of the

Notice of Removal with the Clerk, Superior Court for Middlesex County, 360 Gorham Street,

Lowell, MA 01852, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as

Exhibit E.

     8.     Defendants will serve written notice to opposing counsel of the filing of this

Notice of Removal and copies of this Notice of Removal will be served on opposing counsel

pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit F.

     9.     Defendants will arrange for and file a copy of the certified state court record with

this court when the Middlesex County Superior Court makes that certified record available to

them.

WHEREFORE, Defendants pray that the above action now pending against him in the

Superior Court for Middlesex County be removed therefrom to this Court.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.
and BRIAN JOHNSON,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: February 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for
plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S.
mail this 4th day of February 2005.

3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .........., ss
[seal]

No.

**04-1659**

Marcos Urena
and
Nelson Sang
............................................., Plaintiff(s)

Home Depot USA, Inc.
and
Brian Johnson .........., Defendant(s)

## SUMMONS

To the above-named Defendant:  Brian Johnson

You are hereby summoned and required to serve upon .... James W. Donchess, Esquire ........

................................................. plaintiff's attorney, whose address is Donchess..&..Notinger, PC
402 Amherst St, Nashua, NH 03063 ........, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....... 40 Thorndike St,
Cambridge, MA 02141 ............................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ Robert A. Mulligan, Esquire, at .....................................................................................

the ...................................................... day of ........................................................

...................., in the year of our Lord .......................................... .

*Edward J. Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.

Deputy Sheriff GERARD WHITMAN

**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 7135, Lowell, MA 01852-0135 • (978) 452-3221

*Middlesex, ss.*

May 4, 2004

I hereby certify and return that on 5/3/2004 at 1:45PM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of BRIAN JOHNSON, . 175 LITTLETON Road, . CHELMSFORD, MA 01824. Attest ($5.00), Basic Service Fee ($20.00), Conveyance ($1.50), Postage and Handling ($1.00), Travel ($14.72) Total Charges $42.22

*Gerard N Whitman*
*Deputy Sheriff*

Dated: ..........................................................................................................

**N.B. TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ 5/3/04 _____ )
( ............................................ 5/3/04 , ......... )
( _____ )

04 01 4299

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION**

No.

..........., Plff.

v.

..........., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

MIDDLESEX ......, ss.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY                                    SUPERIOR COURT

```
*****************************
MARCOS URENA              *
        and              *
NELSON SANG              *
                         *
        Plaintiffs       *          DOCKET NO. _____
                         *
v.                       *          JURY TRIAL REQUESTED
                         *
HOME DEPOT USA, INC.     *
        and              *
BRIAN JOHNSON            *
                         *
        Defendants       *
                         *
*****************************
```

## COMPLAINT

Plaintiffs Marcos Urena and Nelson Sang complain against Defendants Home Depot USA, Inc. and Brian Johnson as follows:

### SUMMARY OF ACTION

1.      This is an action for damages alleging illegal employment discrimination on the basis of the national origin of the plaintiffs, including that the defendants harassed the plaintiffs on the basis of their national origin, subjected the plaintiffs to a hostile work environment on the basis of their national origin, discriminated against the plaintiffs in the terms and conditions of employment, and fired the plaintiffs because of their national origin, all in violation of M.G.L. c. 151B.

1

## PARTIES AND JURISDICTION

2.    Plaintiff Marcos Urena is an individual who resides at 69 Pleasant Street,

Lawrence, Massachusetts 01841.

3.    Plaintiff Nelson Sang is a an individual who resides at 14030 Biscayne Blvd, Apt.

401, North Miami Beach, Florida 33181.

4.    Defendant Home Depot USA, Inc. is a corporation with a place of business at 85

Main Street, Tewksbury, Massachusetts 01841.

5.    Defendant Brian Johnson is an individual who resides at 175 Littleton Road,

Chelmsford, Massachusetts 01824.

6.    Jurisdiction is proper under M.G.L. c. 151B.

## FACTS

7.    Mr. Urena was employed by Home Depot from approximately June 21, 2001 until

Home Depot fired him in approximately late January, 2003.

8.    Mr. Sang was employed by Home Depot from approximately July 3, 2001 until

Home Depot fired him in approximately late January, 2003.

9.    Both Mr. Urena and Mr. Urena are natives of the Dominican Republic, are

Hispanic, and are principally Spanish-speaking.

10.    Brian Johnson was a supervisor of both Mr. Urena and Mr. Sang.

11.    Brian Johnson frequently harassed Mr. Urena and Mr. Sang by treating them more

harshly than other employees as a result of their nation origin.

12.    Brian Johnson made statements within the hearing of Mr. Urena and/or Mr. Sang

referring to them as "Spics." He also said that Hispanic employees should be fired from their

2

jobs at Home Depot.

13.    At one point Brian Johnson was driving a forklift and he drove it right at Mr. Urena. Mr. Urena was forced to move out of the way to avoid being hit by the forklift. As Johnson went by Mr. Urena with the forklift, he said "Spic" to Mr. Urena.

14.    Mr. Urena and Mr. Sang had good performance reviews.

15.    In approximately December, 2002, a supervisor left Home Depot giving Brian Johnson more exclusive supervisory authority over Mr. Urena and Mr. Sang.

16.    In January, 2003 Brian Johnson prepared a performance review for Mr. Urena and participated in the preparation of a performance review for Mr. Sang. Brian Johnson made sure that both Mr. Urena and Mr. Sang got poor performance reviews for the first time. Johnson did this, not because of the performance of either Mr. Urena or Mr. Sang, but because of the national origin of Mr. Urena and Mr. Sang.

17.    Home Depot terminated Mr. Urena and Mr. Sang because of the discriminatory performance reviews engineered by Johnson. Without the discriminatory performance reviews, Mr. Urena and Mr. Sang would have remained in their employment with Home Depot. Home Depot terminated Mr. Urena and Mr. Sang because of their national origin.

18.    Home Depot and Brian Johnson altered the terms and conditions of employment of Mr. Urena and Mr. Sang, harassed Mr. Urena and Mr. Sang, subjected Mr. Urena and Mr. Sang to a hostile work environment, gave Mr. Urena and Mr. Sang poor performance reviews, and ultimately fired Mr. Urena and Mr. Sang as a result of their national origin.

19.    As a result of the national origin discrimination by Home Depot and Brian Johnson, Mr. Urena has suffered lost income and benefits both past and future, and has suffered

3

severe emotion distress and anxiety.

20.    As a result of the national origin discrimination by Home Depot and Brian

Johnson, Mr. Sang has suffered lost income and benefits both past and future, and has suffered

severe emotion distress and anxiety.

## CAUSES OF ACTION

### COUNT I
(Marcos Urena v. Home Depot)

21.    The allegations of Paragraphs 1 through 20 are incorporated by reference.

22.    Home Depot altered the terms and conditions of employment of Mr. Urena,

harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor

performance review, and ultimately fired Mr. Urena as a result of his national origin, all in

violation of M.G.L. c. 151B.

23.    Home Depot is liable to Mr. Urena, pursuant to M.G.L. c. 151B,  for the wrongful

actions alleged herein.

### COUNT II
(Marcos Urena v. Brian Johnson)

24.    The allegations of Paragraphs 1 through 23 are incorporated by reference.

25.    Brian Johnson altered the terms and conditions of employment of Mr. Urena,

harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor

performance review, and ultimately had Mr. Urena fired Mr. Urena, all as a result of Mr. Urena's

national origin and  all in violation of M.G.L. c. 151B.

26.    Brian Johnson is liable to Mr. Urena, pursuant to M.G.L. c. 151B,  for the

wrongful actions alleged herein and for aiding and for abetting illegal employment discrimination

4

by Defendant Home Depot, Inc.

<div align="center">

COUNT III

(Nelson Sang v. Home Depot)

</div>

27.    The allegations of Paragraphs 1 through 26 are incorporated by reference.

28.    Home Depot altered the terms and conditions of employment of Mr. Sang,

harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor

performance review, and ultimately fired Mr. Sang, all as a result of his national origin and all in

violation of M.G.L. c. 151B.

29.    Home Depot is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful

actions alleged herein.

<div align="center">

COUNT IV

(Nelson Sang vs. Brian Johnson)

</div>

30.    The allegations of Paragraphs 1 through 29 are incorporated by reference.

31.    Brian Johnson altered the terms and conditions of employment of Mr. Sang,

harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor

performance review, and ultimately had Mr. Sang fired as a result of Mr. Sang's national origin,

all in violation of M.G.L. c. 151B.

32.    Brian Johnson is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful

actions alleged herein and for abetting illegal employment discrimination by Defendant Home

Depot, Inc.

<div align="center">

**REQUESTED RELIEF**

</div>

Plaintiff Marcos Urena requests that the Court:

<div align="center">

COUNT I

</div>

<div align="center">

5

</div>

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.

<u>COUNT II</u>

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award her compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.

Plaintiff Nelson Sang requests that the Court:

<u>COUNT III</u>

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

<u>COUNT IV</u>

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

**<u>JURY TRIAL REQUEST</u>**

The plaintiff requests a jury trial with respect to all issues raised in this Complaint.

Respectfully submitted,

MARCOS URENA and
NELSON SANG

By their attorneys,

DONCHESS & NOTINGER, P.C.

Dated: 4/16/04

By: _James W. Donchess_
James W. Donchess, BBO No. 129280
402 Amherst Street, Suite 204
Nashua, NH 03063
(603) 886-7266

7

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Marcos Urena and Nelson Sang | Home Depot USA, Inc. and Brian Johnson |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  603-886-7266<br>James W. Donchess<br>Donchess & Notinger PC<br>402 Amherst St, Suite 204, Nashua NH<br>Board of Bar Overseers number: 129280 | ATTORNEY (if known)  617-788-5049<br>Danielle L. Meagher<br>Morgan, Brown & Joy, LLP<br>One Boston Place, Boston, MA |
|---|---|

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                                            Subtotal $. . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. 80,000.00.
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. 80,000.00.
F.  Other documented items of damages (describe)
    Mental Distress                                                                          $500,000.00
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                            TOTAL $ 660,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                            TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James W. Donchess_              DATE: 4/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2004-01659-L**

RE:   **Urena et al v Home Depot USA, Inc. et al**

TO:James W Donchess, Esquire
Notinger & Donchess
402 Amherst Street
Suite 204
Nashua, NH 03060

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/19/2004 |
| Response to the complaint filed (also see MRCP 12) | 09/17/2004 |
| All motions under MRCP 12, 19, and 20 filed | 09/17/2004 |
| All motions under MRCP 15 filed | 09/17/2004 |
| All discovery requests and depositions completed | 02/14/2005 |
| All motions under MRCP 56 served and heard | 03/16/2005 |
| Final pre-trial conference held and firm trial date set | 04/15/2005 |
| Case disposed | 06/14/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **L** sitting in **Cv CrtRm (Lowell) at Middlesex Superior Court.**

Dated: 04/22/2004

Edward J. Sullivan
Clerk of the Courts

BY: Michael Brennan
Assistant Clerk

Location: Cv CrtRm (Lowell)
Telephone: 978-453-0201

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

RECEIVED APR 2 4 2004

cvdtracf_2.wpd 2549795 inidoc01 dipacee

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

......MIDDLESEX......... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

## 04-1659

Marcos Urena
and
......Nelson Sang............... , Plaintiff(s)

v.

Home Depot USA, Inc.
and
......Brian Johnson........ , Defendant(s)

## SUMMONS

To the above-named Defendant: Home Depot USA, Inc.

You are hereby summoned and required to serve upon James W. Donchess, Esquire
...................................... plaintiff's attorney, whose address is Donchess & Notinger, PC
402 Amherst St, Nashua, NH 03063 ...., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St,
Cambridge, MA 02141 ...................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V DelVecchio, Esquire, at ...........................................................................

the ................................................. day of ......................................................

....................., in the year of our Lord ...................................... .

*Edward J Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSET

MIDDLESEX ......................, ss.

SUPERIOR ( DEPARTM OF THI TRIAL CO CIVIL ACT No.

.............................., Plff.

v.

.............................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

May 16, 2004
I hereby certify and return that on 5/7/2004 at 10:45:00 AM I served a true and attested copy of the `Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to C.Bonney, Process Clerk & agent in charge of CT Corp & its, agent, person in charge at the time of service for Home Depot USA, Inc., at , C/O CT Corporation Systems, 101 Federal Stret Boston, MA. Basic Service Fee (IH) ($30.00), Travel ($3.20), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $39.20

Deputy Sheriff John Cotter

John Cotter
Deputy Sheriff

04/0543

N.B. TO PROCESS SERVER:-

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..............................................................

19........, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)): Tracking Order, Cover Sheet

..............................................................................................

..............................................................................................

..............................................................................................

..............................................................................................

Dated: ..............................................................................................

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY                                    SUPERIOR COURT

```
******************************
MARCOS URENA              *
        and               *
NELSON SANG               *
                          *
      Plaintiffs          *        DOCKET NO. _____
                          *
v.                        *        JURY TRIAL REQUESTED
                          *
HOME DEPOT USA, INC.      *
        and               *
BRIAN JOHNSON             *
                          *
      Defendants          *
                          *
******************************
```

## COMPLAINT

Plaintiffs Marcos Urena and Nelson Sang complain against Defendants Home Depot

USA, Inc. and Brian Johnson as follows:

## SUMMARY OF ACTION

1.     This is an action for damages alleging illegal employment discrimination on the

basis of the national origin of the plaintiffs, including that the defendants harassed the plaintiffs

on the basis of their national origin, subjected the plaintiffs to a hostile work environment on the

basis of their national origin, discriminated against the plaintiffs in the terms and conditions of

employment, and fired the plaintiffs because of their national origin, all in violation of M.G.L. c.

151B.

1

## PARTIES AND JURISDICTION

2.    Plaintiff Marcos Urena is an individual who resides at 69 Pleasant Street,

Lawrence, Massachusetts 01841.

3.    Plaintiff Nelson Sang is a an individual who resides at 14030 Biscayne Blvd, Apt.

401, North Miami Beach, Florida 33181.

4.    Defendant Home Depot USA, Inc. is a corporation with a place of business at 85

Main Street, Tewksbury, Massachusetts 01841.

5.    Defendant Brian Johnson is an individual who resides at 175 Littleton Road,

Chelmsford, Massachusetts 01824.

6.    Jurisdiction is proper under M.G.L. c. 151B.

## FACTS

7.    Mr. Urena was employed by Home Depot from approximately June 21, 2001 until

Home Depot fired him in approximately late January, 2003.

8.    Mr. Sang was employed by Home Depot from approximately July 3, 2001 until

Home Depot fired him in approximately late January, 2003.

9.    Both Mr. Urena and Mr. Urena are natives of the Dominican Republic, are

Hispanic, and are principally Spanish-speaking.

10.    Brian Johnson was a supervisor of both Mr. Urena and Mr. Sang.

11.    Brian Johnson frequently harassed Mr. Urena and Mr. Sang by treating them more

harshly than other employees as a result of their nation origin.

12.    Brian Johnson made statements within the hearing of Mr. Urena and/or Mr. Sang

referring to them as "Spics." He also said that Hispanic employees should be fired from their

2

jobs at Home Depot.

13.    At one point Brian Johnson was driving a forklift and he drove it right at Mr.
Urena. Mr. Urena was forced to move out of the way to avoid being hit by the forklift. As
Johnson went by Mr. Urena with the forklift, he said "Spic" to Mr. Urena.

14.    Mr. Urena and Mr. Sang had good performance reviews.

15.    In approximately December, 2002, a supervisor left Home Depot giving Brian
Johnson more exclusive supervisory authority over Mr. Urena and Mr. Sang.

16.    In January, 2003 Brian Johnson prepared a performance review for Mr. Urena and
participated in the preparation of a performance review for Mr. Sang. Brian Johnson made sure
that both Mr. Urena and Mr. Sang got poor performance reviews for the first time. Johnson did
this, not because of the performance of either Mr. Urena or Mr. Sang, but because of the national
origin of Mr. Urena and Mr. Sang.

17.    Home Depot terminated Mr. Urena and Mr. Sang because of the discriminatory
performance reviews engineered by Johnson. Without the discriminatory performance reviews,
Mr. Urena and Mr. Sang would have remained in their employment with Home Depot. Home
Depot terminated Mr. Urena and Mr. Sang because of their national origin.

18.    Home Depot and Brian Johnson altered the terms and conditions of employment
of Mr. Urena and Mr. Sang, harassed Mr. Urena and Mr. Sang, subjected Mr. Urena and Mr.
Sang to a hostile work environment, gave Mr. Urena and Mr. Sang poor performance reviews,
and ultimately fired Mr. Urena and Mr. Sang as a result of their national origin.

19.    As a result of the national origin discrimination by Home Depot and Brian
Johnson, Mr. Urena has suffered lost income and benefits both past and future, and has suffered

3

severe emotion distress and anxiety.

20.    As a result of the national origin discrimination by Home Depot and Brian

Johnson, Mr. Sang has suffered lost income and benefits both past and future, and has suffered

severe emotion distress and anxiety.

## CAUSES OF ACTION

### COUNT I
(Marcos Urena v. Home Depot)

21.    The allegations of Paragraphs 1 through 20 are incorporated by reference.

22.    Home Depot altered the terms and conditions of employment of Mr. Urena,

harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor

performance review, and ultimately fired Mr. Urena as a result of his national origin, all in

violation of M.G.L. c. 151B.

23.    Home Depot is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the wrongful

actions alleged herein.

### COUNT II
(Marcos Urena v. Brian Johnson)

24.    The allegations of Paragraphs 1 through 23 are incorporated by reference.

25.    Brian Johnson altered the terms and conditions of employment of Mr. Urena,

harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor

performance review, and ultimately had Mr. Urena fired Mr. Urena, all as a result of Mr. Urena's

national origin and  all in violation of M.G.L. c. 151B.

26.    Brian Johnson is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the

wrongful actions alleged herein and for aiding and for abetting illegal employment discrimination

4

by Defendant Home Depot, Inc.

<div align="center">

COUNT III
(Nelson Sang v. Home Depot)

</div>

27.    The allegations of Paragraphs 1 through 26 are incorporated by reference.

28.    Home Depot altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately fired Mr. Sang, all as a result of his national origin and all in violation of M.G.L. c. 151B.

29.    Home Depot is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein.

<div align="center">

COUNT IV
(Nelson Sang vs. Brian Johnson)

</div>

30.    The allegations of Paragraphs 1 through 29 are incorporated by reference.

31.    Brian Johnson altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately had Mr. Sang fired as a result of Mr. Sang's national origin, all in violation of M.G.L. c. 151B.

32.    Brian Johnson is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein and for abetting illegal employment discrimination by Defendant Home Depot, Inc.

<div align="center">

**REQUESTED RELIEF**

</div>

Plaintiff Marcos Urena requests that the Court:

<div align="center">

COUNT I

</div>

<div align="center">

5

</div>

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.

## COUNT II

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award her compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.


Plaintiff Nelson Sang requests that the Court:

## COUNT III

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

## COUNT IV

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

## **JURY TRIAL REQUEST**

6

The plaintiff requests a jury trial with respect to all issues raised in this Complaint.

Respectfully submitted,

MARCOS URENA and
NELSON SANG

By their attorneys,

DONCHESS & NOTINGER, P.C.

Dated: 4/16/04

By: _James W. Donchess_
James W. Donchess, BBO No. 129280
402 Amherst Street, Suite 204
Nashua, NH 03063
(603) 886-7266

7

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Marcos Urena and Nelson Sang | Home Depot USA, Inc. and Brian Johnson |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  603-886-7266<br>James W. Donchess<br>Donchess & Notinger PC<br>402 Amherst St., Suite 204, Nashua NH<br>Board of Bar Overseers number: 129280 | ATTORNEY (if known)  617-788-5049<br>Danielle L. Meagher<br>Morgan, Brown & Joy, LLP<br>One Boston Place, Boston, MA |
|---|---|

## Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint

[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:

  1. Total hospital expenses .................................................. $ .........

  2. Total Doctor expenses ................................................... $ .........

  3. Total chiropractic expenses ............................................. $ .........

  4. Total physical therapy expenses ........................................ $ .........

  5. Total other expenses (describe) ......................................... $ .........

        Subtotal $ .........

B. Documented lost wages and compensation to date .......................... $ 80,000.00

C. Documented property damages to date .................................... $ .........

D. Reasonably anticipated future medical and hospital expenses ............. $ .........

E. Reasonably anticipated lost wages ...................................... $ 80,000.00

F. Other documented items of damages (describe)
  Mental Distress       $ 500,000.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

            TOTAL $ 660,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

            TOTAL $ .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James W. Donchess_     DATE: 4/10/0_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    **SUPERIOR COURT DEPT.**
                                                  **Civil Action MICV 2004-01659-L**

---

MARCOS URENA and NELSON SANG,

        Plaintiffs,

   v.

HOME DEPOT U.S.A., INC., and BRIAN
JOHNSON,

        Defendants.

---

## ANSWER OF DEFENDANT

Defendant Brian Johnson ("Defendant"), by and through its attorneys, answer the

allegations contained in Plaintiffs' Complaint as follows:

1.    Paragraph 1 of Plaintiffs' Complaint is an introductory paragraph containing a

summary of the action being brought, does not contain a factual allegation, and therefore requires

neither an admission nor denial by Defendant. To the extent that such factual allegations are

contained therein, they are denied.

2.    Defendant is without sufficient information or knowledge to form a belief as to

the truth of the allegations contained in paragraph 2, and, accordingly, they are denied.

3.    Defendant is without sufficient information or knowledge to form a belief as to

the truth of the allegations contained in paragraph 3, and, accordingly, they are denied.

4.    Defendant admits the allegations contained in paragraph 4.

5.    Defendant denies the allegations contained in paragraph 5.

6.    Defendant denies the allegations contained in paragraph 6.

## FACTS

7.    Defendant admits the allegations contained in paragraph 7.

8.    Defendant admits the allegations contained in paragraph 8.

9.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9, and, accordingly, they are denied.

10.    Defendant denies the allegations contained in paragraph 10.

11.    Defendant denies the allegations contained in paragraph 11.

12.    Defendant denies the allegations contained in paragraph 12.

13.    Defendant denies the allegations contained in paragraph 13.

14.    Defendant denies the allegations contained in paragraph 14.

15.    Defendant denies the allegations contained in paragraph 15.

16.    Defendant denies the allegations contained in paragraph 16.

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant denies the allegations contained in paragraph 18.

19.    Defendant denies the allegations contained in paragraph 19.

20.    Defendant denies the allegations contained in paragraph 20.

## COUNT I

21.    Defendant incorporates by reference its response to paragraphs 1 through 20 as though fully set forth herein.

22.    Defendant denies the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

2

## COUNT II

24.     Defendant incorporates by reference its responses to paragraphs 1 through 23 as though fully set forth herein.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

## COUNT III

27.     Defendant incorporates by reference its responses to paragraphs 1 through 27 as though fully set forth herein.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

## COUNT IV

30.     Defendant incorporates by reference its responses to paragraphs 1 through 29 as though fully set forth herein.

31.     Defendant denies the allegations contained in paragraph 31.

32.     Defendant denies the allegations contained in paragraph 32.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested against him and deny each and every allegation not heretofore specifically admitted and pray this Court to dismiss Plaintiffs' Complaint and award it costs, fees and any other relief it deems just.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which any relief can be granted.

2.     Plaintiffs' claims are barred in whole or in part because they have failed to

3

comply with administrative procedures that are a prerequisite to maintaining this action.

3.    All actions regarding Plaintiffs' employment were taken for legitimate, non-discriminatory business reasons.

4.    Although Defendant expressly denies any liability to Plaintiffs, Plaintiffs have failed to mitigate their damages, if any.

5.    Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant was legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

6.    Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs' relationships with the Defendant Home Depot were terminable at-will by either party.

7.    Plaintiffs claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior that may have occurred and because Plaintiffs unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendant Home Depot.

8.    To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiffs (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiffs but for such discriminatory intent or motive.

9.    Plaintiffs are not entitled to punitive damages.

10.    Plaintiff has failed to sufficiently allege fact to support a claim of individual liability.

Respectfully submitted,

BRIAN JOHNSON,

By His Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: August 6, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S. mail this 6th day of August 2004.

5

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPT.
Civil Action MICV 2004-01659-L

MIDDLESEX, ss.

MARCOS URENA and NELSON SANG,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC., and BRIAN JOHNSON,

Defendants.

## ANSWER OF DEFENDANT

Defendant Home Depot U.S.A., Inc. ("Home Depot") (hereinafter "Defendant"), by and through its attorneys, answer the allegations contained in Plaintiffs' Complaint as follows:

1.    Paragraph 1 of Plaintiffs' Complaint is an introductory paragraph containing a summary of the action being brought, does not contain a factual allegation, and therefore requires neither an admission nor denial by Defendant. To the extent that such factual allegations are contained therein, they are denied.

2.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2, and, accordingly, they are denied.

3.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3, and, accordingly, they are denied.

4.    Defendant admits the allegations contained in paragraph 4.

5.    Defendant denies the allegations contained in paragraph 5.

1

6.    Defendant denies the allegations contained in paragraph 6.

## FACTS

7.    Defendant admits the allegations contained in paragraph 7.

8.    Defendant admits the allegations contained in paragraph 8.

9.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9, and, accordingly, they are denied.

10.    Defendant denies the allegations contained in paragraph 10.

11.    Defendant denies the allegations contained in paragraph 11.

12.    Defendant denies the allegations contained in paragraph 12.

13.    Defendant denies the allegations contained in paragraph 13.

14.    Defendant denies the allegations contained in paragraph 14.

15.    Defendant denies the allegations contained in paragraph 15.

16.    Defendant denies the allegations contained in paragraph 16.

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant denies the allegations contained in paragraph 18.

19.    Defendant denies the allegations contained in paragraph 19.

20.    Defendant denies the allegations contained in paragraph 20.

## COUNT I

21.    Defendant incorporates by reference its response to paragraphs 1 through 20 as though fully set forth herein.

22.    Defendant denies the allegations contained in paragraph 22.

23.    Defendant denies the allegations contained in paragraph 23.

2

## COUNT II

24.    Defendant incorporates by reference its responses to paragraphs 1 through 23 as though fully set forth herein.

25.    Defendant denies the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

## COUNT III

27.    Defendant incorporates by reference its responses to paragraphs 1 through 27 as though fully set forth herein.

28.    Defendant denies the allegations contained in paragraph 28.

29.    Defendant denies the allegations contained in paragraph 29.

## COUNT IV

30.    Defendant incorporates by reference its responses to paragraphs 1 through 29 as though fully set forth herein.

31.    Defendant denies the allegations contained in paragraph 31.

32.    Defendant denies the allegations contained in paragraph 32.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief requested against it and deny each and every allegation not heretofore specifically admitted and pray this Court to dismiss Plaintiffs' Complaint and award it costs, fees and any other relief it deems just.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which any relief can be granted.

2.    Plaintiffs' claims are barred in whole or in part because they have failed to

3

comply with administrative procedures that are a prerequisite to maintaining this action.

3.    All actions regarding Plaintiffs' employment were taken for legitimate, non-discriminatory business reasons.

4.    Although Defendant expressly denies any liability to Plaintiffs, Plaintiffs have failed to mitigate their damages, if any.

5.    Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant was legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

6.    Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs' relationships with the Defendant Home Depot were terminable at-will by either party.

7.    Plaintiffs claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior that may have occurred and because Plaintiffs unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendant.

8.    To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiffs (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiffs but for such discriminatory intent or motive.

9.    Plaintiffs are not entitled to punitive damages.

4

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,

By Its Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: May 26, 2004

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S. mail this 26th day of May 2004.

5

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY                          SUPERIOR COURT

```
******************************
MARCOS URENA              *
      and                 *
NELSON SANG               *
                          *
      Plaintiffs          *        DOCKET NO. MICV2004-01659-L
                          *
v.                        *        JURY TRIAL REQUESTED
                          *
HOME DEPOT USA, INC.      *
      and                 *
BRIAN JOHNSON             *
                          *
      Defendants          *
                          *
******************************
```

## AMENDED COMPLAINT

Plaintiffs Marcos Urena and Nelson Sang complain against Defendants Home Depot

USA, Inc. and Brian Johnson as follows:

## SUMMARY OF ACTION

1.     This is an action for damages alleging illegal employment discrimination on the

basis of the national origin of the plaintiffs, including that the defendants harassed the plaintiffs

on the basis of their national origin, subjected the plaintiffs to a hostile work environment on the

basis of their national origin, discriminated against the plaintiffs in the terms and conditions of

employment, and fired the plaintiffs because of their national origin, all in violation of M.G.L. c.

151B. *This action also alleges that, in terminating Plaintiff Marcos Urena, Home Depot*

*violated Mr. Urena's rights under the Family Medical Leave Act, 29 U.S.C. §2601 et. seq and*

1

*under the rules adopted pursuant to the Family Medical Leave Act, 29 C.F.R. §825.*

## PARTIES AND JURISDICTION

2.    Plaintiff Marcos Urena is an individual who resides at 69 Pleasant Street, Lawrence, Massachusetts 01841.

3.    Plaintiff Nelson Sang is an individual who resides at 14030 Biscayne Blvd, Apt. 401, North Miami Beach, Florida 33181.

4.    Defendant Home Depot USA, Inc. is a corporation with a place of business at 85 Main Street, Tewksbury, Massachusetts 01841.

5.    Defendant Brian Johnson is an individual who resides at 175 Littleton Road, Chelmsford, Massachusetts 01824.

6.    Jurisdiction is proper under M.G.L. c. 151B.

## FACTS

7.    Mr. Urena was employed by Home Depot from approximately June 21, 2001 until Home Depot fired him in approximately late January, 2003.

8.    Mr. Sang was employed by Home Depot from approximately July 3, 2001 until Home Depot fired him in approximately late January, 2003.

9.    Both Mr. Urena and Mr. Urena are natives of the Dominican Republic, are Hispanic, and are principally Spanish-speaking.

10.    Brian Johnson was a supervisor of both Mr. Urena and Mr. Sang.

11.    Brian Johnson frequently harassed Mr. Urena and Mr. Sang by treating them more harshly than other employees as a result of their nation origin.

12.    Brian Johnson made statements within the hearing of Mr. Urena and/or Mr. Sang

2

referring to them as "Spics." He also said that Hispanic employees should be fired from their jobs at Home Depot.

13. At one point Brian Johnson was driving a forklift and he drove it right at Mr. Urena. Mr. Urena was forced to move out of the way to avoid being hit by the forklift. As Johnson went by Mr. Urena with the forklift, he said "Spic" to Mr. Urena.

14. Mr. Urena and Mr. Sang had good performance reviews.

15. In approximately December, 2002, a supervisor left Home Depot giving Brian Johnson more exclusive supervisory authority over Mr. Urena and Mr. Sang.

16. In January, 2003 Brian Johnson prepared a performance review for Mr. Urena and participated in the preparation of a performance review for Mr. Sang. Brian Johnson made sure that both Mr. Urena and Mr. Sang got poor performance reviews for the first time. Johnson did this, not because of the performance of either Mr. Urena or Mr. Sang, but because of the national origin of Mr. Urena and Mr. Sang.

17. Home Depot terminated Mr. Urena and Mr. Sang because of the discriminatory performance reviews engineered by Johnson. Without the discriminatory performance reviews, Mr. Urena and Mr. Sang would have remained in their employment with Home Depot. Home Depot terminated Mr. Urena and Mr. Sang because of their national origin.

18. Home Depot and Brian Johnson altered the terms and conditions of employment of Mr. Urena and Mr. Sang, harassed Mr. Urena and Mr. Sang, subjected Mr. Urena and Mr. Sang to a hostile work environment, gave Mr. Urena and Mr. Sang poor performance reviews, and ultimately fired Mr. Urena and Mr. Sang as a result of their national origin.

19. As a result of the national origin discrimination by Home Depot and Brian

3

Johnson, Mr. Urena has suffered lost income and benefits both past and future, and has suffered severe emotion distress and anxiety.

20.    As a result of the national origin discrimination by Home Depot and Brian Johnson, Mr. Sang has suffered lost income and benefits both past and future, and has suffered severe emotion distress and anxiety.

21.    *According to Home Depot's answers to interrogatories, Home Depot fired Mr. Urena for receiving a "D" rating on his last evaluation in January, 2003. Home Depot's last evaluation of Mr. Urena provides, "Attendance issue because of knee surgery last summer, after work sometimes the next day the knee is sore." A "Discipline Notice" Home Depot issued in January, 2003 says that Home Depot gave Mr. Urena a "D" performance rating because he had been absent from work too much. Mr. Urena's absences were caused by a knee injury which had required surgery.*

22.    *The absences of Mr. Urena were caused by the knee injury and knee surgery. The knee injury was a "serious medical condition" pursuant to the Family Medical Act. 29 U.S.C. §2612.*

23.    *Home Depot's reliance upon Mr. Urena's absences in making the decision to terminate him violated the Family Medical Leave Act, 29 U.S.C. §2601 st. seq. and the rules adopted pursuant to the Family Medical Leave Act, 29 C.F.R. §825.*

## CAUSES OF ACTION

### COUNT I
(Marcos Urena v. Home Depot)

24.    The allegations of Paragraphs 1 through 20 are incorporated by reference.

4

25.    Home Depot altered the terms and conditions of employment of Mr. Urena, harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor performance review, and ultimately fired Mr. Urena as a result of his national origin, all in violation of M.G.L. c. 151B.

26.    Home Depot is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein.

<div align="center">

### COUNT II
(Marcos Urena v. Brian Johnson)

</div>

27.    The allegations of Paragraphs 1 through 26 are incorporated by reference.

28.    Brian Johnson altered the terms and conditions of employment of Mr. Urena, harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor performance review, and ultimately had Mr. Urena fired Mr. Urena, all as a result of Mr. Urena's national origin and all in violation of M.G.L. c. 151B.

29.    Brian Johnson is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein and for aiding and for abetting illegal employment discrimination by Defendant Home Depot, Inc.

<div align="center">

### COUNT III
(Nelson Sang v. Home Depot)

</div>

30.    The allegations of Paragraphs 1 through 29 are incorporated by reference.

31.    Home Depot altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately fired Mr. Sang, all as a result of his national origin and all in violation of M.G.L. c. 151B.

<div align="center">5</div>

32.    Home Depot is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein.

### COUNT IV
(Nelson Sang vs. Brian Johnson)

33.    The allegations of Paragraphs 1 through 30 are incorporated by reference.

34.    Brian Johnson altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately had Mr. Sang fired as a result of Mr. Sang's national origin, all in violation of M.G.L. c. 151B.

35.    Brian Johnson is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein and for abetting illegal employment discrimination by Defendant Home Depot, Inc.

### COUNT V
(Marcos Urena v. Home Depot)

36.    The allegations of Paragraphs 1 through 35 are incorporated by reference.

37.    In terminating Mr. Urena's employment, Home Depot violated Mr. Urena's rights under the Family Medical Leave Act, 29 U.S.C. §2601 et seq. and the rules adopted pursuant to the Family Medical Leave Act, 29 C.F.R. §825.

26.    Home Depot is liable to Mr. Urena, pursuant to the Family Medical Leave Act, for the wrongful actions alleged herein.

### REQUESTED RELIEF

Plaintiff Marcos Urena requests that the Court:

### COUNT I

6

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.

## COUNT II

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, award her compensatory damages, and award him punitive damages;

B.    Award Mr. Urena attorneys' fees and costs; and

C.    Award Mr. Urena statutory interest from the date of this complaint.

Plaintiff Nelson Sang requests that the Court:

## COUNT III

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

## COUNT IV

A.    Award Mr. Sang damages for lost income and benefits, both past and future, and

for other financial losses, award him compensatory damages, and award him punitive damages;

B.    Award Mr. Sang attorneys' fees and costs; and

C.    Award Mr. Sang statutory interest from the date of this complaint.

## *COUNT V*

A.    Award Mr. Urena damages for lost income and benefits, both past and future, and

for other financial losses, plus statutory interest on said damages from the date of this complaint,

29 U.S.C. §2617;

B.    Award Mr. Urena liquidated damages equal to the amount of damages awarded

pursuant to Paragraph A above, 29 U.S.C. §2617; and

C.    Award Mr. Urena attorneys' fees, expert witness fees, and other costs related to

this action, 29 U.S.C. §2617.

## JURY TRIAL REQUEST

The plaintiff requests a jury trial with respect to all issues raised in this Complaint.

Respectfully submitted,

MARCOS URENA and
NELSON SANG

By their attorneys,

DONCHESS & NOTINGER, P.C.

Dated: 12/15/04

By: _James W. Donchess_
James W. Donchess, BBO No. 129280
402 Amherst Street, Suite 204
Nashua, NH 03063
(603) 886-7266

8

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

Civil Docket **MICV2004-01659**

RE:     Urena et al v Home Depot USA, Inc. et al

TO:     Joseph P McConnell, Esquire
        Morgan Brown & Joy
        1 Boston Place
        Boston, MA 02108-4472

—————

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **01/19/2005**:

*RE: Plaintiff, Marcos Urena's MOTION to Amend Complaint to Include a Claim for a Violation of the Family Medical Leave Act, 29U.S.C. S2601 et seq.; Statement of Reasons in Support of; Request for Hearing; Memorandum in Support of Defendants, Home Depot U.S.A., Inc. and Brian Johnson's OPPOSITION*

**is as follows:**

**MOTION (P#7) ALLOWED. By the Court, (Paul A. Chernoff, Justice). Notices mailed January 20, 2005.**

Dated at Lowell, Massachusetts this 20th day of January, 2005.

                                        Edward J. Sullivan,
                                        Clerk of the Courts

                        BY:

                                        Michael Brennan
                                        Assistant Clerk

Telephone: 978-453-0201

Copies mailed 01/20/2005

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT DEPT.**
**Civil Action MICV 2004-01659-L**

---

MARCOS URENA and NELSON SANG,

         **Plaintiffs,**

   v.

HOME DEPOT U.S.A., INC., and BRIAN
JOHNSON,

         **Defendants.**

---

TO:   Clerk
       Superior Court for Middlesex County
       360 Gorham Street
       Lowell, MA 01852


      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a  Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts.  Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.
and BRIAN JOHNSON,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
(617) 523-6666

Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: February 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S. mail this 7th day of February 2005.

2

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**
                                              **SUPERIOR COURT DEPT.**
                                              **Civil Action MICV 2004-01659-L**

---

**MARCOS URENA and NELSON SANG,**

            **Plaintiffs,**

      **v.**

**HOME DEPOT U.S.A., INC., and BRIAN JOHNSON,**

            **Defendants.**

---

To:   James W. Donchess, Esquire
      60 Main Street
      Nashua, New Hampshire  03060

PLEASE TAKE NOTICE that Defendants Home Depot, U.S.A., Inc. and Brian Johnson, in the above-captioned matter, has on the 4th day of February 2005 filed in the United States District Court of the District of Massachusetts, its Notice of Removal of the above-styled action from the Superior Court for Middlesex County, Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts at Boston, Massachusetts, together with copies of the Complaint, Answers and Amended Complaint filed by the parties in the Superior Court for Middlesex County, Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court for Middlesex County, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT DEPT.**
**Civil Action MICV 2004-01659-L**

---

MARCOS URENA and NELSON SANG,

       **Plaintiffs,**

    v.

HOME DEPOT U.S.A., INC., and BRIAN
JOHNSON,

       **Defendants.**

---

TO:    Clerk
       Superior Court for Middlesex County
       360 Gorham Street
       Lowell, MA 01852

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.
and BRIAN JOHNSON,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts 02108
(617) 523-6666

_____
Robert P. Joy, Jr. (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)

Date: February 7, 2005


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H. 03060, by first-class U.S. mail this 7th day of February 2005.

_____


2

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

**SUPERIOR COURT DEPT.**
**Civil Action MICV 2004-01659-L**

MARCOS URENA and NELSON SANG,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC., and BRIAN JOHNSON,

Defendants.

To:    James W. Donchess, Esquire
       60 Main Street
       Nashua, New Hampshire  03060

PLEASE TAKE NOTICE that Defendants Home Depot, U.S.A., Inc. and Brian Johnson, in the above-captioned matter, has on the 4th day of February 2005 filed in the United States District Court of the District of Massachusetts, its Notice of Removal of the above-styled action from the Superior Court for Middlesex County, Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts at Boston, Massachusetts, together with copies of the Complaint, Answers and Amended Complaint filed by the parties in the Superior Court for Middlesex County, Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court for Middlesex County, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARCOS URENA and NELSON SANG,**<br><br>                         **Plaintiffs,**<br><br>**v.**<br><br>**HOME DEPOT USA, INC. and**<br>**BRIAN JOHNSON,**<br><br>                         **Defendants.** | **Civil Action No. _____**<br><br><br>**NOTICE OF CHANGE OF ADDRESS** |

I, Joseph P. McConnell, hereby give notice of my address change from the Massachusetts

Attorney General, in Boston, Massachusetts to the law firm Morgan, Brown & Joy, LLP

        Joseph P. McConnell

        Morgan, Brown & Joy, LLP

        200 State Street

        Boston, MA 02109-2605

        617-523-6666

                Respectfully submitted,

                HOME DEPOT, U.S.A., INC.
                and BRIAN JOHNSON,

                By Their Attorneys,

                MORGAN, BROWN & JOY, LLP
                One Boston Place
                Boston, Massachusetts  02108
                (617) 523-6666

                Robert P. Joy, Jr. (BBO No. 254820)
                Joseph P. McConnell (BBO No. 566412)

Date: February 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S. mail this 4th day of February 2005.