UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARCOS URENA and NELSON SANG,**<br><br>  Plaintiffs,<br><br>v.<br><br>**HOME DEPOT U.S.A., INC., and BRIAN JOHNSON,**<br><br>  Defendants. | Civil Action No. 05-10242 MEL |

### ANSWER OF DEFENDANTS TO AMENDED COMPLAINT

Defendants Home Depot U.S.A., Inc. ("Home Depot") and Brian Johnson ("Mr. Johnson")(hereinafter collectively as "Defendants"), by and through their attorneys, answer the allegations contained in Plaintiffs' Amended Complaint as follows:

1. Paragraph 1 of Plaintiffs' Complaint is an introductory paragraph containing a summary of the action being brought, does not contain a factual allegation, and therefore requires neither an admission nor denial by Defendants. To the extent that such factual allegations are contained therein, they are denied.

2. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2, and, accordingly, they are denied.

3. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3, and, accordingly, they are denied.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

## FACTS

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9, and, accordingly, they are denied.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22, and, accordingly, they are denied.

23. Defendants deny the allegations contained in paragraph 21.

## COUNT I

24. Defendant incorporates by reference its response to paragraphs 1 through 23 as though fully set forth herein.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

## COUNT II

27. Defendant incorporates by reference its responses to paragraphs 1 through 26 as though fully set forth herein.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

## COUNT III

30. Defendant incorporates by reference its responses to paragraphs 1 through 29 as though fully set forth herein.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

## COUNT IV

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 as though fully set forth herein.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

## COUNT V

36. Defendant incorporates by reference its responses to paragraphs 1 through 35 as though fully set forth herein.

37. Defendants deny the allegations contained in paragraph 37.

26.[*sic*]Defendants deny the allegations contained in second paragraph numbered 26.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief requested against it and deny each and every allegation not heretofore specifically admitted and pray this Court to dismiss Plaintiffs' Complaint and award it costs, fees and any other relief it deems just.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which any relief can be granted.

2. Plaintiffs' claims are barred in whole or in part because they have failed to comply with administrative procedures that are a prerequisite to maintaining this action.

3. All actions regarding Plaintiffs' employment were taken for legitimate, non-discriminatory business reasons.

4. Although Defendants expressly deny any liability to Plaintiffs, Plaintiffs have failed to mitigate their damages, if any.

5. Complaint is barred in whole or in part because, at all relevant times, the actions of Defendants were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

6. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs' relationships with the Defendant Home Depot were terminable at-will by either party.

7. Plaintiffs claims are barred in whole or in part because Defendants exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory behavior

that may have occurred and because Plaintiffs unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendants.

8.  To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiffs (which Defendants otherwise specifically deny herein), Defendants would have taken the same actions against Plaintiffs but for such discriminatory intent or motive.

9.  Plaintiffs are not entitled to punitive damages.

10. Plaintiff's claims, in whole or in part, are not entitled to a trial by jury.

11. Plaintiff is not an employee eligible for protection of the Family Medical Leave Act ("FMLA"), 29 USC § 2601 *et seq.*

12. To the extent that Plaintiff is eligible for FMLA leave, Defendant Home Depot has provided such leave.

13. With response to Plaintiff, Defendant Home Depot has acted in good faith and with reasonable grounds to believe that its actions or omissions were not in violation of the FMLA, and therefore Defendant Home Depot not liable for liquidated damages.

14. Defendants reserve their right to add affirmative defenses as they become known.

        Respectfully submitted,

        HOME DEPOT, U.S.A., INC.,

        By Its Attorneys,

        MORGAN, BROWN & JOY, LLP
        One Boston Place
        Boston, Massachusetts  02108
        (617) 523-6666

        _/s/ Joseph P. McConnell_____
        Robert P. Joy, Jr. (BBO No. 254820)
        Joseph P. McConnell (BBO No. 566412)

Date: February 14, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel for plaintiffs, James W. Donchess, Esq., 60 Main Street, Nashua, N.H.  03060, by first-class U.S. mail this 14th day of February 2005.

        _/s/ Joseph P. McConnell___
        Joseph P. McConnell