**MORGAN, BROWN & JOY, LLP**
ATTORNEYS AT LAW
200 STATE STREET
BOSTON, MASSACHUSETTS 02109-2605
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

JOSEPH P. McCONNELL
Member MA & RI Bars

FILED
IN CLERK'S OFFICE

2005 FEB 17  P 1:01

U.S. DISTRICT COURT
DISTRICT OF MASS

DIRECT DIAL (617) 788-5053
jmcconnell@morganbrown.com

February 17, 2005

**BY HAND**

Clerk's Office- Civil
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

Re: *Marcos Urena and Nelson Sang v. Home Depot, U.S.A., Inc., and Brian Johnson*
<u>Civil Action No. MICV 2004-01659-L</u>

Dear Sir/Madam:

Enclosed please find a complete certified copy of all records and docket entries in the above-captioned state court action, in accordance with Federal court Local Rule 81.1.

Thank you for your assistance with this matter. Please call me should you have any questions or concerns.

Very truly yours,

*Joseph P. McConnell*

Joseph P. McConnell

JPM/kmc
Enclosures

cc:   James W. Donchess, Esq. (w/o encls.)
      Brian Johnson (w/o encls.)
      Deidra Maloyed (w/o encls.)

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

FILED
IN CLERK'S OFFICE

2005 FEB 17  P 1:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

I, Michael Brennan, Assistant Clerk of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. MICV2004-01659 entered in the Superior Court on 04/20/2004.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court at said Lowell this 14th day of February, in the year of our Lord 2005

_Michael M Brennan_
Michael M. Brennan, Clerk Magistrate



cvdremlett_1.wpd 2683345 removba ginger

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

# MICV2004-01659
## Urena et al v Home Depot USA, Inc. et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 04/20/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 02/14/2005 | **Session** | L - Cv time-stan 1 (Lowell) | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | |
| **Lead Case** | | **Track** | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 07/19/2004 | **Answer** | 09/17/2004 | **Rule12/19/20** | 09/17/2004 | |
| **Rule 15** | 09/17/2004 | **Discovery** | 02/14/2005 | **Rule 56** | 03/16/2005 | |
| **Final PTC** | 04/15/2005 | **Disposition** | 06/14/2005 | **Jury Trial** | Yes | |

### PARTIES

**Plaintiff**
Marcos Urena
69 Pleasant Street
Lawrence, MA 01841
Active 04/20/2004

**Private Counsel 129280**
James W Donchess
Notinger & Donchess
402 Amherst Street
Suite 204
Nashua, NH 03060
Phone: 603-886-7266
Fax: 603-886-7922
Active 04/20/2004 Notify

**Plaintiff**
Nelson Sang
14030 Biscayne Blvd.
Apt. 401
Miami, FL 33181
Active 04/20/2004

*** See Attorney Information Above ***

**Defendant**
Home Depot USA, Inc.
85 Main Street
Lawrence, MA 01841
Answered: 05/27/2004
Answered 05/27/2004

**Private Counsel 566412**
Joseph P McConnell
Morgan Brown & Joy
200 State Street
Boston, MA 02109-2605
Phone: 617-523-6666
Fax: 617-367-3125
Active 05/27/2004 Notify

**Defendant**
Brian Johnson
175 Littleton Road
Chelmsford, MA 01824
Served: 06/30/2004
Answered: 08/09/2004
Answered 08/09/2004

*** See Attorney Information Above ***


*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/20/2004 | 1.0 | Complaint & civil action cover sheet filed |

case01 193967 y y y y y y

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-01659
### Urena et al v Home Depot USA, Inc. et al

| Date | Paper | Text |
|---|---|---|
| 04/20/2004 | | Origin 1, Type B22, Track F. |
| 05/27/2004 | 2.0 | ANSWER: Home Depot USA, Inc.(Defendant) |
| 06/14/2004 | 3.0 | SERVICE RETURNED (summons): Brian Johnson, service made on May 03, 2004 (last and usual) |
| 06/14/2004 | 4.0 | SERVICE RETURNED (summons): Home Depot USA, Inc., service made on May 07, 2004 (agent in charge service) |
| 06/30/2004 | 5.0 | SERVICE RETURNED: Brian Johnson(Defendant) accepted by Joseph P. McConnell, Esq. on 06/16/04 |
| 08/09/2004 | 6.0 | ANSWER: Brian Johnson(Defendant) |
| 01/07/2005 | 7.0 | Plaintiff, Marcos Urena's MOTION to Amend Complaint to Include a Claim for a Violation of the Family Medical Leave Act, 29U.S.C. S2601 et seq.; Statement of Reasons in Support of; Request for Hearing; Memorandum in Support of Defendants, Home Depot U.S.A., Inc. and Brian Johnson's OPPOSITION |
| 01/07/2005 | 8.0 | Plaintiff, Marcos Urena's MOTION for Leave to File Reply Memorandum to Defendants' Opposition to Plaintiff's Motion to File Amended Complaint (P#7) |
| 01/19/2005 | | MOTION (P#7) ALLOWED. By the Court, (Paul A. Chernoff, Justice). Notices mailed January 20, 2005. |
| 01/19/2005 | 9.0 | Amended complaint of Plaintiffs Marcos Urena and Nelson Sang with Jury Claim filed. |
| 02/08/2005 | 10.0 | Notice and Copy of Petition for Removal to the United States District Court filed by Home Depot USA, Inc., Brian Johnson |
| 02/14/2005 | | REMOVED to US Bankruptcy Court |

**EVENTS**

MIDDLESEX, ss.     Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this ___ day of _____ 2005

Deputy Assistant Clerk

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# MICV2004-01659-L

RE: Urena et al v Home Depot USA, Inc. et al

TO: James W Donchess, Esquire
Notinger & Donchess
402 Amherst Street
Suite 204
Nashua, NH 03060

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/19/2004 |
| Response to the complaint filed (also see MRCP 12) | 09/17/2004 |
| All motions under MRCP 12, 19, and 20 filed | 09/17/2004 |
| All motions under MRCP 15 filed | 09/17/2004 |
| All discovery requests and depositions completed | 02/14/2005 |
| All motions under MRCP 56 served and heard | 03/16/2005 |
| Final pre-trial conference held and firm trial date set | 04/15/2005 |
| Case disposed | 06/14/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session L sitting in **Cv CrtRm (Lowell)** at Middlesex Superior Court.

Dated: 04/22/2004

Edward J. Sullivan
Clerk of the Courts

BY: Michael Brennan
Assistant Clerk

Location: Cv CrtRm (Lowell)
Telephone: 978-453-0201

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 2549795 inidoc01 dipacee

| CIVIL ACTION COVER SHEET | 04-1659 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Marcos Urena and Nelson Sang | Home Depot USA, Inc. and Brian Johnson |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 603-886-7266<br>James W. Donchess<br>Donchess & Notinger PC<br>402 Amherst St, Suite 204, Nashua NH<br>Board of Bar Overseers number: 129280 | ATTORNEY (if known) 617-788-5049<br>Danielle L. Meagher<br>Morgan, Brown & Joy, LLP<br>One Boston Place, Boston, MA |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $..........
  2. Total Doctor expenses ............................................. $..........
  3. Total chiropractic expenses ........................................ $..........
  4. Total physical therapy expenses .................................... $..........
  5. Total other expenses (describe) .................................... $..........
                                                           Subtotal $..........
B. Documented lost wages and compensation to date ........................ $ 80,000.00
C. Documented property damages to date ................................... $..........
D. Reasonably anticipated future medical and hospital expenses ........... $..........
E. Reasonably anticipated lost wages ..................................... $ 80,000.00
F. Other documented items of damages (describe)
   Mental Distress
                                                                          $500,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


                                                           TOTAL $660,000.00

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
APR 2 0 2004
CLERK

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):




                                                           TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James W. Donchess_   DATE: 4/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY                                                    SUPERIOR COURT

*******************************
MARCOS URENA              *
    and                   *
NELSON SANG               *
                          *
    Plaintiffs            *       DOCKET NO. 04-1659
                          *
v.                        *       JURY TRIAL REQUESTED
                          *
HOME DEPOT USA, INC.      *
    and                   *
BRIAN JOHNSON             *
                          *
    Defendants            *
                          *
*******************************

## COMPLAINT

Plaintiffs Marcos Urena and Nelson Sang complain against Defendants Home Depot USA, Inc. and Brian Johnson as follows:

## SUMMARY OF ACTION

1.  This is an action for damages alleging illegal employment discrimination on the basis of the national origin of the plaintiffs, including that the defendants harassed the plaintiffs on the basis of their national origin, subjected the plaintiffs to a hostile work environment on the basis of their national origin, discriminated against the plaintiffs in the terms and conditions of employment, and fired the plaintiffs because of their national origin, all in violation of M.G.L. c. 151B.

04/20/04 10:42#0000 6118 CLERK E
                        2a       240.00
            CIVIL              480.00
            SURCHARGE           15.00
            SECC                20.00
            041659 #
            SUBTTL             515.00
            TOTAL    515.00
            CHECK              515.00

1

## PARTIES AND JURISDICTION

2. Plaintiff Marcos Urena is an individual who resides at 69 Pleasant Street, Lawrence, Massachusetts 01841.

3. Plaintiff Nelson Sang is a an individual who resides at 14030 Biscayne Blvd, Apt. 401, North Miami Beach, Florida 33181.

4. Defendant Home Depot USA, Inc. is a corporation with a place of business at 85 Main Street, Tewksbury, Massachusetts 01841.

5. Defendant Brian Johnson is an individual who resides at 175 Littleton Road, Chelmsford, Massachusetts 01824.

6. Jurisdiction is proper under M.G.L. c. 151B.

## FACTS

7. Mr. Urena was employed by Home Depot from approximately June 21, 2001 until Home Depot fired him in approximately late January, 2003.

8. Mr. Sang was employed by Home Depot from approximately July 3, 2001 until Home Depot fired him in approximately late January, 2003.

9. Both Mr. Urena and Mr. Urena are natives of the Dominican Republic, are Hispanic, and are principally Spanish-speaking.

10. Brian Johnson was a supervisor of both Mr. Urena and Mr. Sang.

11. Brian Johnson frequently harassed Mr. Urena and Mr. Sang by treating them more harshly than other employees as a result of their nation origin.

12. Brian Johnson made statements within the hearing of Mr. Urena and/or Mr. Sang referring to them as "Spics." He also said that Hispanic employees should be fired from their

jobs at Home Depot.

13. At one point Brian Johnson was driving a forklift and he drove it right at Mr. Urena. Mr. Urena was forced to move out of the way to avoid being hit by the forklift. As Johnson went by Mr. Urena with the forklift, he said "Spic" to Mr. Urena.

14. Mr. Urena and Mr. Sang had good performance reviews.

15. In approximately December, 2002, a supervisor left Home Depot giving Brian Johnson more exclusive supervisory authority over Mr. Urena and Mr. Sang.

16. In January, 2003 Brian Johnson prepared a performance review for Mr. Urena and participated in the preparation of a performance review for Mr. Sang. Brian Johnson made sure that both Mr. Urena and Mr. Sang got poor performance reviews for the first time. Johnson did this, not because of the performance of either Mr. Urena or Mr. Sang, but because of the national origin of Mr. Urena and Mr. Sang.

17. Home Depot terminated Mr. Urena and Mr. Sang because of the discriminatory performance reviews engineered by Johnson. Without the discriminatory performance reviews, Mr. Urena and Mr. Sang would have remained in their employment with Home Depot. Home Depot terminated Mr. Urena and Mr. Sang because of their national origin.

18. Home Depot and Brian Johnson altered the terms and conditions of employment of Mr. Urena and Mr. Sang, harassed Mr. Urena and Mr. Sang, subjected Mr. Urena and Mr. Sang to a hostile work environment, gave Mr. Urena and Mr. Sang poor performance reviews, and ultimately fired Mr. Urena and Mr. Sang as a result of their national origin.

19. As a result of the national origin discrimination by Home Depot and Brian Johnson, Mr. Urena has suffered lost income and benefits both past and future, and has suffered

3

y

severe emotion distress and anxiety.

20. As a result of the national origin discrimination by Home Depot and Brian Johnson, Mr. Sang has suffered lost income and benefits both past and future, and has suffered severe emotion distress and anxiety.

## CAUSES OF ACTION

### COUNT I
(Marcos Urena v. Home Depot)

21. The allegations of Paragraphs 1 through 20 are incorporated by reference.

22. Home Depot altered the terms and conditions of employment of Mr. Urena, harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor performance review, and ultimately fired Mr. Urena as a result of his national origin, all in violation of M.G.L. c. 151B.

23. Home Depot is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein.

### COUNT II
(Marcos Urena v. Brian Johnson)

24. The allegations of Paragraphs 1 through 23 are incorporated by reference.

25. Brian Johnson altered the terms and conditions of employment of Mr. Urena, harassed Mr. Urena, subjected Mr. Urena to a hostile work environment, gave Mr. Urena a poor performance review, and ultimately had Mr. Urena fired Mr. Urena, all as a result of Mr. Urena's national origin and all in violation of M.G.L. c. 151B.

26. Brian Johnson is liable to Mr. Urena, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein and for aiding and for abetting illegal employment discrimination

by Defendant Home Depot, Inc.

## COUNT III
(Nelson Sang v. Home Depot)

27. The allegations of Paragraphs 1 through 26 are incorporated by reference.

28. Home Depot altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately fired Mr. Sang, all as a result of his national origin and all in violation of M.G.L. c. 151B.

29. Home Depot is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein.

## COUNT IV
(Nelson Sang vs. Brian Johnson)

30. The allegations of Paragraphs 1 through 29 are incorporated by reference.

31. Brian Johnson altered the terms and conditions of employment of Mr. Sang, harassed Mr. Sang, subjected Mr. Sang to a hostile work environment, gave Mr. Sang a poor performance review, and ultimately had Mr. Sang fired as a result of Mr. Sang's national origin, all in violation of M.G.L. c. 151B.

32. Brian Johnson is liable to Mr. Sang, pursuant to M.G.L. c. 151B, for the wrongful actions alleged herein and for abetting illegal employment discrimination by Defendant Home Depot, Inc.

## REQUESTED RELIEF

Plaintiff Marcos Urena requests that the Court:

## COUNT I

5

A. Award Mr. Urena damages for lost income and benefits, both past and future, and for other financial losses, award him compensatory damages, and award him punitive damages;

B. Award Mr. Urena attorneys' fees and costs; and

C. Award Mr. Urena statutory interest from the date of this complaint.

## COUNT II

A. Award Mr. Urena damages for lost income and benefits, both past and future, and for other financial losses, award her compensatory damages, and award him punitive damages;

B. Award Mr. Urena attorneys' fees and costs; and

C. Award Mr. Urena statutory interest from the date of this complaint.

Plaintiff Nelson Sang requests that the Court:

## COUNT III

A. Award Mr. Sang damages for lost income and benefits, both past and future, and for other financial losses, award him compensatory damages, and award him punitive damages;

B. Award Mr. Sang attorneys' fees and costs; and

C. Award Mr. Sang statutory interest from the date of this complaint.

## COUNT IV

A. Award Mr. Sang damages for lost income and benefits, both past and future, and for other financial losses, award him compensatory damages, and award him punitive damages;

B. Award Mr. Sang attorneys' fees and costs; and

C. Award Mr. Sang statutory interest from the date of this complaint.

## **JURY TRIAL REQUEST**

The plaintiff requests a jury trial with respect to all issues raised in this Complaint.

Respectfully submitted,

MARCOS URENA and
NELSON SANG

By their attorneys,

DONCHESS & NOTINGER, P.C.

Dated: 4/16/04

By: *[signature]*
James W. Donchess, BBO No. 129280
402 Amherst Street, Suite 204
Nashua, NH 03063
(603) 886-7266

7

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

3

Marcos Urena
and
Nelson Sang
................................, Plaintiff(s)

Home Depot USA, Inc.
and
Brian Johnson
................................, Defendant(s)

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

04-16594

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE ... MIDDLESEX
JUN 14 2004
[signature]
CLERK

## SUMMONS

To the above-named Defendant: Brian Johnson

You are hereby summoned and required to serve upon James W. Donchess, Esquire .................................... plaintiff's attorney, whose address is Donchess & Notinger, PC 402 Amherst St, Nashua, NH 03063 ......................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St, Cambridge, MA 02141 ...................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Robert A. Mulligan,~~ Suzanne V. DelVecchio Esquire, at ............................................

the ............................................ day of ............................................

............................................, in the year of our Lord ............................................ .

[signature: Edward J Sullivan]
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUB ---

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

Deputy Sheriff GERARD WHITMAN

**Middlesex Sheriff's Office** • Civil Process Division, P.O. Box 7135, Lowell, MA 01852-0135 • (978) 452-3221

*Middlesex, ss.*

May 4, 2004

I hereby certify and return that on 5/3/2004 at 1:45PM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of BRIAN JOHNSON,, 175 LITTLETON Road,, CHELMSFORD, MA 01824. Attest ($5.00), Basic Service Fee ($20.00), Conveyance ($1.50), Postage and Handling ($1.00), Travel ($14.72) Total Charges $42.22

Gerard N Whitman
Deputy Sheriff

Dated: ..........................................................................

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( 5/3/04 )

04014299

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No.

............................., Plff.

v.

............................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

MIDDLESEX........ ss.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-16591

Marcos Urena
and
Nelson Sang, Plaintiff(s)

v.

Home Depot USA, Inc.
and
Brian Johnson, Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 14 2004
CLERK

### SUMMONS

To the above-named Defendant: Home Depot USA, Inc.

You are hereby summoned and required to serve upon James W. Donchess, Esquire plaintiff's attorney, whose address is Donchess & Notinger, PC 402 Amherst St, Nashua, NH 03063, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio ........................................................

the .................................................. day of ..................................................

.................., in the year of our Lord ..................................................

Edward J. Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. ...........

MIDDLESEX, ss.

........................., Plff

v.

........................., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)



**Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999**

Suffolk, ss.

May 16, 2004

I hereby certify and return that on 5/7/2004 at 10:45:00 AM I served a true and attested copy of the `Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to C.Bonney,Process Clerk & agent in charge of CT Corp & its, agent, person in charge at the time of service for Home Depot USA, Inc., at , C/O CT Corporation Systems, 101 Federal Stret Boston, MA. Basic Service Fee (IH) ($30.00), Travel ($3.20), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $39.20

Deputy Sheriff    John Cotter

*Deputy Sheriff*

-N.B. TO PROCESS SERVER:-

I hereby certify and return that on ............... 19......., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.............. Cover Sheet ............... Tracking Order

..................................
..................................
..................................

Dated: ..................................

**PROOF OF SERVICE OF PROCESS**

C40/0593

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

[seal]

5.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 2004-01659L

Marcos Urena and
Nelson Sang
............................, Plaintiff(s)

v.

Home Depot U.S.A., Inc.
and Brian Johnson
............................, Defendant(s)



## SUMMONS

To the above-named Defendant: Brian Johnson

You are hereby summoned and required to serve upon James W. Donchess
.......................................... plaintiff's attorney, whose address is Donchess & Notinger PC,
402 Amherst St, Nashua, NH 03063 ..........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...........................................
........................................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio ~~Robert A. Mulligan~~, Esquire, at ........................................
the ............................................ day of ............................................
............, in the year of our Lord ............................................ .

.......................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.